MHN

IN The United States District Court for the Northern District of Illinois Eastern Division

United States of America        No. 07C1816
James Dolis, Petitioner         THE HONORABLE
-vs-                            Virginia M. Kendall
Kevin Gilson, Warden            Judge Presiding

FILED
AUG 05 2009
8-5-2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Petitioner's Supplemental Response to Sur Reply Statement of Facts - Memorandum of Law & Exhibit

1. Pursuant to 2254 (B)(i) and (ii) this court may In fact review every single claim in Dolis's Petition because there was both, "an absence of available state corrective process," (the bias, corrupt, Hostile, partial trial judge subverted said process into a sham) and thus "circumstances existed that rendered such process ineffective to protect the rights of the applicant Dolis." Apparently Stotts would have this court overlook these facts. It cannot be questioned Dolis was indeed provided ineffective assistance of trial and appellate cnsl, which was apparent by the record then absolutely and more so, now. Dolis was entitled to constitutionally effective assistance of cnsl at trial and on appeal. Cnsl's ineffective assistance at trial and on appeal certainly prejudiced Dolis by their deficient performance. Likewise more than a reasonable probability exists, that, but for the alleged errors, the outcome of the proceedings would have been different. Strickland 466 US at 694.

The appellate court's perfunctory absurd conclusion that cnsl was NOT ineffective, by his complete failure in NOT

contacting, investigating or presenting one single witness requested by Dolis, failing to cross-examine the state's witnesses properly to expose their perjury, bias and ulterrior motives, allowing perjured testimony, improper, inadmissable, inaccurate, highly prejudicial evidence to be considered at sentencing was supposedly a tactical decision of cnsl. There is NO record evidence or affidavit to support such a preposterous conclusion. The appellate court's decision on direct appeal that Dolis's cnsl did not provide ineffective assistance or prejudice Dolis is absurd, defies logic, is clearly rebutted by the record and is most certainly an unreasonable application of strickland. cnsl's complete failure to contact, investigate and present witnesses and cross-examine properly and allowing knowing use of perjured testimony - in all of it's manifestations cannot be excused as the conduct that the sixth amendment was designed to guarantee.

2. Dolis was denied effective assistance of post conviction cnsl as guaranteed by state law. The clearly bias, corrupt, hostile, partial trial judge's subversion of the post conviction / 1401 proceedings violated well established case law & both statutes making his own self serving perfunctory rationalization, "that it would make NO difference had cnsl presented witnesses." His absurd logic defying statement, "that all these witnesses were known to everybody at the time of trial as well" when NOT one single defense witness was presented to Dolis's jury by cnsl! The biased judge deviated from the law by making his own self serving factual determinations on the veracity

and exculpatory strength of the affidavits and matters outside the record, which He is explicitly prohibited from doing! And which MANDATE an evidentiary hearing. The state filed a motion to dismiss which automatically then assumes the truth of ALL claims in Petition per ILL. law. The state has absolutely NO right and NO authority to challenge Dolis's witnesses affidavits at all per. ILL. Law, and can only try to challenge the witnesses themselves at an evidentiary hearing! The bias Judge's deviation of the law foreclosed any opportunity for the state to challenge Dolis's witnesses and said subversion of the law turned the Post Conviction/5/2-1401 proceedings into a nullity, a sham. Dolis's witnesses are to be taken absolutely TRUE at that stage in the Proceedings. The Proceedings illegally stopped there because of the bias judge's disregard of the law. As such the affidavits were unchallengable on appeal and likewise this ignorant Statts has NO right to make any of her own self serving challenges to them now. All the witnesses state that 3340 N. Kilpatrick was Dolis's home from Jan 96 until his illegal arrest on Feb. 11, 99. <u>Coleman 701 NE2d 1063 at 1071-72 (1998)</u>.

    The Ill. APP. court deviated from the law and condoned both the trial court bias Judge and P.C. CNSL's violation of Dolis's rights guaranteed by state law! Dolis's case should have been remanded because of the trial court's failure to comply with the clear mandates of the Act as well as CNSL. as would be normal. <u>Treadway 615 NE2d 887 at 890 (1993)</u>; <u>Alexander 554 NE2d 1078 at 1079-80 (1990)</u> <u>Allen 502 NE2d 1260 at 1263 (1987)</u> all remanded because P.C. CNSL did NOT provide effective assistance pursuant 651(c) as guaranteed by state law.

3.

Likewise the trial and ILL. APP. court deviated from the law and did NOT afford Dolis the relaxiation of waiver for fundamental fairness, where the waiver stems from ineffective assistance of appellate cnsl. See Whitehead 662 NE2d at 1312 (1996).

Next the Ill. APP. court on P.C. appeal identifies court appointed P.C. cnsl's blatant non compliance in violation of 651(c), Dolis's right to effective p.c. appellate cnsl as guaranteed by state law. The Ill. APP. court deviated from the law again by NOT ordering P.C. APP. cnsl to rebrief said claims in compliance with 651(c). Instead the APP. court just willy nilly overlooks cnsl's blatant violation of 651(c) and pulls 341(e)(7) out of their ass and waives all of Dolis's ineffective assistance of direct appeal cnsl claims. There is NO other case on Ill. books where this is done to anyone else in violation of 651(c), just Dolis!!!

A state's determination of procedural default "must be adequate". To be "adequate" a procedural rule must be applied in a "principled and consistent way." Prihoda 910 F2d 1379 at 1383 (7th Cir 1990). A state rule is "consistent and principled" when it is "firmly established and regularly followed". see Franklin 188 F3d 887 at 882 (7th Cir 1999); Rosa 36 F3d 625 at 633 (7th Cir 1994); Johnson 486 U.S. at 587; James 466 U.S. 341 at 348-51 (1984); Hamm 300 F3d 1213 at 1216 (10th Cir 2002); Duncan 278 F3d 537 at 542 (5th Cir 2002). "State courts may NOT avoid deciding federal issues by invoking procedural rules that they do NOT apply even-handedly to all similar claims." Garcia 188 F3d 71 at 77 (7th Cir 1999); Hathorn 457 U.S. 255 at 263 (1982); Romano 239 F3d 1156 at 1170 (10th Cir 2001); Willis 8 F3d at 566.

4.

Because the Illinois courts deviated from the ordinary and usual course of adjudication, its application was **NOT** even-handed and, therefore **NOT** adequate for barring Federal habeas review of all Dolis's claims. A Petitioner should **NOT** be penalized for presenting issues to this court that he was unable to present to the state courts because of their misconduct. see <u>Crivens 172 F3d 991 at 995-96 (7th cir. 1999); Reed 468 U.S. 1 at 14 (1984).</u>

3. The Ill. App. court's Aug. 9, 06 order makes the ludicrous claim that: denying Dolis's motion for a different judge without transferring it to a different judge for a hearing, could have been raised on direct appeal, but was not, so its forfeited. But they fail to explain exactly how this is possible when Dolis filed said motion 5 years AFTER his direct appeal! This is exactly how the bias trial judge was able to keep Dolis's case during collateral proceedings, subvert them and violate Dolis's rights as guaranteed by state law (P.C. Act/1401) deny him the relief he was absolutely entitled to and keep an actually innocent Dolis wrongfully convicted! This judge recused himself off of Dolis's other case subsequent to trial & sentencing on these charges on March 10, 2000 because he was bias and hostile to Dolis and partial to the state! Certainly then when Dolis filed his PC/1401 petition in 2002 it should **NOT** have been in front of the same biased judge for any reason at all!!!!!!... It cannot be disputed Dolis's due process rights as guaranteed by the U.S. constitution as well as his rights guaranteed by state State law have in fact been transgressed by a Partial Judge!

5.

A judge must recuse himself from post-conviction proceedings where there "MAY be an appearence of prejudice". Harvey 884 NE2d 724 (2008); Wilson 230 NE2d 194 at 197 (1967). The code of judicial conduct also required judge Kazmierski to recuse himself from both trial & P.C. Proceedings <u>ILL. S.CT. R. 63 (c)(1)(a)</u>; <u>Reyes 860 NE2d 488 at 510 (2006)</u>; <u>Patterson 735 NE2d 616 at 640</u>. Had this bias judge recused himself prior to trial as the U.S. Supreme court mandates in circumstances as this case. Dolis would have been found NOT guilty absolutely! <u>Bracy 117 S.CT. 1793 at 1797 (1997); Aetna life ins. co. 475 U.S. at 822; Ward 409 U.S. at 60; Re Murchison 349 U.S. at 136</u> - makes clear circumstances and relationships MUST be considered. It is very very very telling Stotts totally avoids any mention of this claim. To further keep this covered up Stotts did <u>NOT</u> provide this court with the Jan. 20, 05 transcript!!! What is is corrupt crooked lying asst. Atty. gen. trying to hide!!!!! ? Dolis should NOT be penalized for presenting claims to this court he was unable to present to the state courts because of the misconduct of both the state & courts <u>Crivens 172 F3d at 995-96; Reed 468 U.S. at 14</u>.

4. The trial & App. court's perfunctory invocation of res-judicata to summarily avoid ruling on Dolis's claims of ineffective trial cnsl, over looked the fact that Dolis had numerous additional claims of ineffective cnsl (new ones). As such their res judicata was a ruling on the merits of <u>all, both old and new claims</u>. Therefore all Dolis's claims

are reviewable on cnsl's total failure at trial. furthermore in light of the circumstances of this case 2254 (B)(1) and (ii) allow this court to address every single claim in Dolis's Petition see Malone 538 F3d 744 (7th cir. 2008). Res judicata is NO bar to review claims in Federal court. Gomez 106 F3d 192 at 196 (7th cir. 1997); Hogan 74 F3d 144 at 146 (7th cir. 1996).

5. The attached exhibit-affidavit of Illinois state trooper Michael Dolis is clear and convincing evidence establishing:
A) The state's alleged factual determinations are NOT accurate and therefore NOT reliable and clearly rebutted by this affidavit.
B) It supports the affidavits of other witnesses.
C) It clearly shows cnsl's blatantly deficient cross-examination.
D) It establishes A.S.A. Brunner's lie to the court prior to trial and his production of false documentation to cover up vital facts and a blatant Brady Violation.
E) It shows the Police's ulterrior motives to illegally arrest and falsely charge Dolis with impunity!
F) It clearly establishes both the state & stefanits lied to Dolis's jury!
G) It clearly establishes Dolis was NOT wanted another lie told by the state & stefanits to Dolis's jury!

Trooper Dolis's affidavit clearly establishes Dolis's Blazer truck was NOT towed but stolen by the police contrary to this lying Asst. Atty. Gen Stott's & her corrupt counter part A.S.A. Scott Brunner's blatantly false claims!

It supports John Mazur's that he called Petitioner at home 5 or 6 times to come look & possibly buy a Blazer Truck his friend

and that Petitioner did in fact buy it and had money.

It clearly shows cnsl failed to elicit the fact of the theft of Dolis's truck by the same police on this case during cross-examination of trooper Dolis and Stefanits. A fact which would be very relevant for Petitioner's jury to consider.

It clearly establishes the strongest ulterrior motives for Det.s Murphy and Wronkowski to illegally arrest and falsely charge Dolis. To avoid charges and criminal prosecution themselves in addition to the beating & torture of Dolis, now the grand theft auto not only witnessed by several people, but also known to an officer of the court, trooper Dolis.

It clearly establishes the state's Brady violation to keep this theft covered up. Prior to trial when Dolis was screaming of this theft in person to P.D. & judge and letters to the court. On one date ASA Brunner comes in waving a paper, says I have it right here Judge the truck was towed Tues. Night 2/09/99 and impounded. It was towed off of Palmer Street, then gave an alleged tow report No. "00404332" to the Judge. We now know this was a false document by both trooper Dolis's affidavit & Stefanits' testimony that it was on Major Hall's lot Wed. 2/10/99 when she just willy nilly drove by!!

By supporting Mazur's it clearly establishes Dolis did NOT just come to Stefanit's home mon. Feb. 8, 99 knock on her back door. Push past her and commit several crimes. But that he was at HOME in this house where Mazur called him 5 or 6 times!!!!... Thus the state and Stefanits LIED to Dolis's jury numerous times throughout his

8.

entire trial as well as in the state's opening and closings!

It further establishes the state's, stefanit's and Podeszwa's lies to the jury of crimes that did NOT occur, as both the Police at Grand & central late Wed. night Feb. 10, 99 and trooper Dolis checked and James Dolis was NOT wanted! Which he certainly would be, if both Podeszwa & stefanits filed police reports and signed sworn complaints on Jan. 31, 99 and Feb. 8, 99 as they testified, but they just LIED to Dolis jury again as did the state, Dolis wasn't wanted at all!

A conviction obtained through the use of false evidence-testimony "MUST FALL" under the 14th amendment, NOT could or should or may but Must Fall. Napue v. Illinois 79 S.CT. 1173 at 1177 (1959); Mesarosh 77 S.CT. 1 at 8 (1956); Garth 430 F3d 472 (7th cir 2006); willhite 264 F.supp 2d 663 (N.D. Ill. 2003); wilson 457 F.supp.2d 865 (N.D. Ill. 2006)

In light of trooper Dolis's affidavit this court can clearly see the uncontestable ~~the~~ systematic, Prosecutorial, Judicial and deliberate nature of misconduct in this case, coupled with the improper other crimes evidence Dolis NEVER committed and the blatant perjury & state's lies the entire trial. Petitioner urges this court to apply footnote nine of Brecht 507 U.S. at 638, n.9. How much more does this court need to see I am innocent? Please Judge Kendall you have the authority, vacate these wrongfull convictions and order my immediate release. You know there is NO case in history that even comes close to the abomination of justice as my case.   Respectfully submitted James Dolis

9.

IN The United States District court for the Northern District of Illinois, Eastern Division

| | | |
|---|---|---|
| United States of America | ) | No. 07C1816 |
| James Dolis, Petitioner | ) | The Honorable |
| -VS- | ) | Virginia M. Kendall |
| Kevin Gilson, acting Warden | ) | Judge Presiding |

## Affidavit of Mike Dolis in support of Habeas Corpus

Mike Dolis being first duly sworn on oath, deposes and says that He makes the following statements on the basis of his own personal knowledge and would testify to the same before a court having jurisdiction.

1. Prior to getting a message to call my brother Jim at his friends house where he was working Wed. night 2/10/99, I had talked with my father. My father Amand Dolis told me he had seen Jim Mon. night 2/08/99 and that he (Jim) was buying a Blazer/Truck and my father in fact borrowed him several hundred dollars he was short to make said buy. To make sure I heard right, he (Jim) repeated the police theft of a Blazer he just bought, which purchase confirmed what my father already told me of. I picked up Jim and we went to Major Hall. When we entered Major Hall several eye witnesses came forward and enquired why did the police take the Blazer off of the lot? which confirmed said theft. The Blazer was **NOT** towed.

10

2. After hearing the eyewitness accounts of the theft I told Jim lets go to the police station, which we did. At the 25 dist. Grand & Central station we spoke to two officers who after awhile were able to determine Jim's Blazer was in fact on the back parking lot. The officers said something is not right, fishy as there is **NO** paperwork on the truck so they had **NO** idea what it was doing here. The officer asked Jim if he had extra keys so he could take it but he didn't. Jim said he would remove the ignition his tools are inside the truck. The officer said no that would be like driving a stolen vehicle. Jim immediately began yelling its his truck and the police stole it! After a few minutes the officers calmed Jim down, assured us the truck was **NOT** going anywhere and for us to come back in the morning later. (It was between 11:00 and 11:30 pm when we were at the police station WEDS. NIGHT 2/10/99.

3. The Police were **NOT** looking for my brother and he was not wanted as I myself checked also. The Truck was NEVER Towed.

Pursuant to 28 USC 1746 or 18 USC 1621, I declare under the penalty of perjury that the information contained in this affidavit is true in substance and in fact, Further your affiant sayeth Naught _____ 06/24/03
                                         MICHAEL J. DOLES.

11

IN THE
<u>U.S. District court Northern</u>
<u>District of Illinois, Eastern Division</u>

<u>James Dolis</u> )
Plaintiff )
  )
  ) Case No. <u>07 c 1816</u>
v. )
  )
  )
  )
<u>People of the state of Illinois</u> )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: <u>Clerk of US Dist court</u>    TO: <u>Atty Gen of Illinois</u>
<u>Northern Dist, Illinois</u>        <u>Lisa Madigan</u>
<u>219 S Dearborn</u>                 <u>100 W Randolph 12th FL</u>
<u>Chicago, Il. 60604</u>             <u>Chicago Il. 60601</u>

PLEASE TAKE NOTICE that on <u>July 13</u>, 20<u>09</u>, I have filed with the U.S. Mail through the <u>Stateville</u> Correctional Center the following documents, properly addressed to the parties above: _____

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct. 28 USC 1746 and 18 USC 1621.

DATE: <u>7/13/09</u>

/s/ <u>James Dolis</u>
NAME: <u>James Dolis</u>
IDOC#: <u>R42411</u>
<u>Illinois River</u> Correctional Center
P.O. BOX <u>112</u>
<u>Canton</u>, IL <u>61520</u>