UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DOLIS, | ) |
| | ) |
| Petitioner, | ) Case No. 07 C 1816 |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| KEVIN GILSON, Acting Warden, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner James Dolis's Motion to Reconsider this Court's denial of his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Dolis's Motion to Reconsider.

**BACKGROUND**

A jury in the Circuit Court of Cook County convicted Petitioner James Dolis ("Dolis") of home invasion and aggravated battery. In April 2007, Dolis filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. On December 23, 2009, the Court dismissed Dolis's petition, finding the majority of his claims procedurally defaulted. With respect to the only claim that survived procedural default—Dolis's judicial inquiry claim—the Court denied Dolis's habeas petition under the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). On January 19, 2010, Dolis filed this Motion to Reconsider

1

the Court's ruling. On February 17, 2010, Dolis filed an Addendum to his Motion for Reconsideration.

## STANDARD OF REVIEW

A motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") allows the movant to bring to the Court's attention manifest errors of law or fact or newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).[1] Manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A Rule 59(e) motion is not a "vehicle for a party to undo its own procedural failures, and it certainly does not allow a party introduce new evidence or advance arguments that could have and should have been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568. Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Dolis raises ten grounds for reconsideration in his Motion and Addendum. Dolis first argues, as a general matter, that the Court did not consider his petition on its merits because it dismissed

---

[1] Dolis's motion is properly considered a motion to alter or amend judgment pursuant to Rule 59(e). FED. R. CIV. P. 59(e). Effective December 1, 2009, the filing deadline for a Rule 59(e) motion is 28 days from the date of judgment, and Dolis filed his Motion to Reconsider within that timeframe on January 19, 2010. "Whether a motion filed within [the requisite timeframe] should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Because Universal Crown "base[s] [its] motion for reconsideration on errors of law, a basis encompassed by Rule 59(e), not Rule 60(b)," *see id.*, the Court considers it under Rule 59(e).

2

many of his claims as procedurally defaulted. In reviewing habeas petitioner, however, courts are precluded from granting relief on claims where the petitioner "has exhausted his state court remedies without properly asserting his federal claim at each level of state court review," *Crockett v. Hulick*, 542 F.3d 1183, 1192 (7th Cir. 2008) (internal citation omitted). The Court properly applied this standard of review to Dolis's habeas petition, and thus considered his petition on the merits. (*See* R. 76.)

I. **Alleged Errors of Fact**

Dolis contends this Court's opinion contained three errors of fact: (1) that Dolis was not residing at 3340 North Kilpatrick on the date of the aggravated battery; (2) that his first petition for leave to appeal ("PLA") omitted his ineffective assistance of trial counsel claim; and (3) that he did not raise his Fourth Amendment claim in state court.

With respect to the first alleged error of fact, this Court's opinion made no factual findings as to whether Dolis lived at 3340 North Kilpatrick at the time of the incident. Rather, the Court explained that Dolis's ex-girlfriend, Ellen Stefanits ("Stefanits"), testified at trial that Dolis was not living with her at 3340 North Kilpatrick the time of the incident. (*See* R. 76 at p. 2.) The Court then analyzed whether the evidence introduced by Dolis so blatantly contradicted Stefanits' testimony that it was now "more likely than not that no reasonable juror would have found [Dolis] guilty beyond a reasonable doubt." *See House v. Bell*, 547 U.S. 518, 536 (2006); (*see also* R. 76 at p. 19.) Because the Court never made a determination as to whether Dolis in fact resided at 3340 North Kilpatrick, Dolis fails to show a manifest error of fact. *See Resnik*, 594 F.3d at 568.

Second, Dolis claims that this Court erred in stating that he did not include his ineffective assistance of trial counsel claim in his first PLA. Because Dolis's first PLA only addressed his

3

judicial inquiry claim, however (*see* R. 47, Ex. G at p. 3), this Court did not err in its factual assertion that Dolis's ineffective assistance claim was not included in his first PLA. *See Resnik*, 594 F.3d at 568.

Third, Dolis contends that the Court erroneously asserted that he did not raise his Fourth Amendment claim in state court. (*See* R. 76 at p. 21.) Dolis argues that he presented his Fourth Amendment claim to "all of the state courts during his post conviction" proceedings. (*See* R. 80 at p. 20.) As this Court explained in its December 23, 2009 Order, a specific set of restrictions apply to limit habeas review of Fourth Amendment claims. (R. 76 at p. 20.) "As long as a habeas petitioner enjoyed an 'opportunity for full and fair litigation of a Fourth Amendment claim' in state court, federal habeas review of the claim is barred." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (quoting *Stone v. Powell*, 428 U.S. 465, 482 (1976)). Moreover, "the petitioner is not denied an opportunity for full and fair litigation of his claim if he fails to raise and preserve the claim in state court." *United States ex rel. Bostick v. Peters*, 3 F.3d 1023, 1027 (7th Cir. 1993). Although Dolis raised his Fourth Amendment claim in his second round of state court review, as the Court notes in its December 23, 2009 Order (*see* R. 76 at p. 6), the claim does not appear in his first appellate brief, supplemental appellate brief, or his first PLA. (*See* R. 47 at Ex. A; Ex. D; Ex. F.) For that reason, the Illinois Appellate Court dismissed his Fourth Amendment claim as forfeited. *See People v. Dolis*, No. 1-05-0988 (Ill. App. Ct. 2006) (citing *People v. Blair*, 831 N.E.2d 604, 615 (Ill. 2005)); (R. 47, Ex K). Because Dolis failed to "preserve the claim in state court" by raising it in his first round of appeal, Dolis was not denied an opportunity for full and fair litigation of the claim, *see Bostick*, 3 F.3d at 1027, and the statement that Dolis did not raise his Fourth Amendment claim in state court is not a manifest error requiring reconsideration. *See Resnik*, 594 F.3d at 568.

## II. Alleged Errors of Law

Dolis alleges that this Court legally erred: (1) in determining that Dolis was not entitled to an evidentiary hearing and ignoring the precedent of *Davis v. Lambert*, 388 F.3d 1052 (7th Cir. 2004); (2) in its actual innocence analysis; (3) in determining that the claims submitted in Dolis's supplemental PLAs were properly disregarded based on independent and adequate state grounds; (4) in its judicial inquiry analysis; (5) in its analysis of his illegal term of supervised release claim; and (6) in ignoring state court errors in applying Illinois law and performing a *Strickland* analysis.

To begin, this Court did not err in denying Dolis's motion for an evidentiary hearing. Under the Antiterrorism and Effective Death Penalty Act, "[t]he availability of an evidentiary hearing on habeas review is addressed in 28 U.S.C. § 2254(e)(2), which provides that no such hearing may be held '[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings,' subject to several narrow exceptions provided in § 2254(e)(2)(A) and (B)." *Davis*, 388 F.3d at 1059 (quoting 28 U.S.C. § 2254(e)(2)). Dolis conflates pre- and post-AEDPA standards in arguing that he is entitled to an evidentiary hearing because the state prevented him from developing the record and he did not have a reasonable opportunity to obtain evidence. Although pre-AEDPA a petitioner was entitled to an evidentiary hearing if he could show "cause for his failure to develop facts in the state-court proceedings and actual prejudice resulting from that failure," *see Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11 (1992) (superseded by statute), AEDPA now provides the relevant standard for determining whether a petitioner is entitled to an evidentiary hearing. *See Davis*, 388 F.3d at 1059. Dolis specifically argues that under *Crivens v. Roth*, 172 F.3d 991 (7th Cir. 1999) and *Reed v. Ross*, 468 U.S. 1 (1984), he has shown cause entitling him to an evidentiary hearing. The court

in *Crivens* explained that where a prosecutor had "an affirmative duty to disclose [impeachment] evidence" but did not do so until after the petitioner filed his habeas petition, the petitioner had "established cause, excusing the [procedural] default . . . because of the state's misconduct." *See Crivens*, 172 F.3d at 995-97. Not only does the "cause" analysis no longer apply to evaluate motions for evidentiary hearings, *see Davis*, 388 F.3d at 1059, but the language in *Crivens* pertains to cause excusing procedural defaults–not entitling a petitioner to an evidentiary hearing. *See Crivens*, 172 F.3d at 995-97. The Court in *Ross* also does not address the standard under AEDPA for an evidentiary hearing, instead explaining the parameters for demonstrating cause to excuse a procedurally defaulted claim. *See Ross*, 468 U.S. at 14 (cause to excuse procedural default may be demonstrated in "certain circumstances when a procedural failure is not attributable to an intentional decision by counsel in pursuit of his client's interests"). Here, in applying the AEDPA standard, the Court properly found that Dolis failed to develop a factual basis for the specific claims for which he sought an evidentiary hearing—his actual innocence and supervised release claims—because he never pursued his illegal supervised release claim in state court and made no mention of his innocence claim until his second PLA to the Illinois Supreme Court. (*See* R. 76 at p. 24); *see also* 28 U.S.C. § 2254(e)(2).

In his Addendum to his Motion to Reconsider, Dolis further claims that the Court ignored the precedent in *Davis*, 388 F.3d 1052, in addressing whether to hold an evidentiary hearing on his ineffective assistance claim. To begin, Dolis has waived his argument that the Court should have held an evidentiary hearing on his ineffective assistance of counsel claim by not raising it in his

6

original Motion for an Evidentiary Hearing. (*See* R. 66); *see also Resnik*, 594 F.3d at 568.[2] In *Davis*, moreover, unlike in this case, the petitioner had not procedurally defaulted his ineffective assistance of counsel claims. *See Davis*, 388 F.3d at 1058. The court explained that "the first question we must address is whether Davis has procedurally defaulted his *Strickland* claim. If the district court correctly concluded that the Illinois court's reliance on *res judicata* was an adequate and independent state ground for rejecting the petition, then Davis's quest for habeas corpus relief is over." *See id.* It was only because the state conceded on appeal that Davis's claims were not procedurally forfeited that the court "turn[ed]" to an evaluation of the "merits of his claim." *See id.* Here, on the other hand, the Court in its November 23, 2009 Order explained that Dolis procedurally defaulted each of his ineffective assistance sub-claims by not raising them in state court or not raising them until his second round of state court review, when the Illinois Appellate Court found them forfeited. (*See* R. 76 at p. 10, 13.) Thus, the decision in *Davis* does not support Dolis's argument that he is entitled to an evidentiary hearing on these claims. *See* 388 F.3d 1052. For these reasons, Dolis has failed to show that this Court committed a manifest error of law in denying Dolis's Motion for an Evidentiary Hearing.

Dolis next contends that the Court failed to address his claim of actual innocence. However, the Court properly addressed this claim in its December 23, 2009 Order as a potential ground for overcoming procedural default (*see* R. 76 at pp. 16-20), as Dolis himself acknowledges when he goes on to argue that the Court misapplied the law in its treatment of the affidavits that he claims establish his innocence. As the Court explained in its December 23, 2009 Order, a defendant is guilty of home

---

[2] Indeed, Dolis's citation to *Matheny v. Anderson*, 253 F.3d 1025 (7th Cir. 2001) is inapposite because, unlike in *Matheny*, Dolis's Motion for Evidentiary Hearing never sought review of his counsel's deficiency. *See id.* at 1039; (*see also* R. 66.)

invasion under Illinois law "when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present" and uses a firearm or other dangerous weapon to threaten the imminent use of force or to intentionally cause injury. 720 ILL. COMP. STAT. 5/12-11 (2001). Dolis's many arguments pertaining to his innocence posit, in essence, that affidavits of his friends and family conclusively establish that 3340 N. Kilpatrick was not "the dwelling place of another" and that he had "authority" to enter on February 11, 1999. *See id.* First, with respect to the issue of whether 3340 N. Kilpatrick constituted "the dwelling place of another," "unless a defendant has *both* the requisite tenancy interest *and* a possessory interest in the dwelling place, he can be charged with home invasion." *People v. Howard*, 870 N.E.2d 959, 965 (Ill. App. Ct. 2007) (finding that defendant was rightly convicted of home invasion in spite of his argument that it was his home, and noting that "[d]efendant has failed to recognize that, without [his wife's] permission to stay there, her town house was never defendant's 'own home'"). None of the evidence offered by Dolis in his petition demonstrates that Dolis had legal title to 3340 N. Kilpatrick so as to give him a possessory or tenancy interest in the premises at the time he entered. *See id.* at 965-66 (explaining that defendant "had no tenancy interest because he had no legal title to the premises" and "had no possessory interest because he had no legal title to the premises").

Second, with respect to Dolis's authority to enter the premises at 3340 N. Kilpatrick, he cites *People v. Bush* for the proposition that:

> [I]f . . . the defendant gains access to the victim's residence through trickery and deceit and with the intent to commit criminal acts, his entry is unauthorized and the consent given vitiated. . . . Conversely, where the defendant enters with an innocent intent, his entry is authorized, and criminal actions thereafter engaged in by the defendant do not change the status of the entry.

8

623 N.E.2d 1361, 1364 (Ill. 1993). Here, however, unlike in *Bush* where the defendant gained consent to enter the residence, *see id.*, Stefanits testified at trial that she had not given Dolis permission to enter her home on February 11, 1999, which is corroborated by the evidence that her screen door was cut open. None of the affiants relied on by Dolis claims any knowledge as to whether Dolis had consent to enter or the nature of his intent when entering Stefanits's home on February 11, 1999. Thus, as the Court correctly found in its December 23, 2009 Order, Dolis's affidavits do not rise to the level of "documentary, biological (DNA), or other powerful evidence" of innocence required to excuse procedurally defaulted claims. *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).

Dolis also takes issue with the Court's assessment that the claims raised in his pro se supplemental PLAs were procedurally defaulted based on independent and adequate state grounds. (R. 76 at p. 14.) He claims that under *Jenkins v. Gramley*, 8 F.3d 505 (7th Cir. 1993) and *Lane v. Richards*, 957 F.2d 363 (7th Cir. 1992), his counsel's filings were inadequate and he preserved many of his claims by attempting to file supplemental pro se PLAs. Neither of these cases holds that claims may be preserved through pro se supplemental briefs. *See Jenkins*, 8 F.3d at 508; *Lane*, 957 F.2d at 365. Indeed, *Jenkins* explains that in spite of petitioner's complaints against his counsel, his claims were procedurally defaulted based on "an independent and adequate state procedural rule" requiring individuals seeking post-conviction relief to pursue their appellate remedies. *See Jenkins*, 5 F.3d at 508. The Court in *Lane* similarly held that even where the petitioner demonstrated a "woeful performance . . . by a lawyer who ha[d] done nothing on her client's behalf for more than five years," "none of this . . . open[ed] the door to the relief Lane s[ought]: a writ of habeas corpus"

9

because he did not exhaust his state remedies. *See Lane*, 957 F.2d at 365-66. Thus, Dolis fails to show any manifest error of law or fact in this Court's conclusion that the claims in his pro se filings were procedurally defaulted because the state court refused to consider them based on an independent and adequate state procedural rule—the Illinois rule preventing parties from filing more than one brief or PLA. *See* ILL. SUP. CT. R. 315 (PLAs), 341 (briefs); *see also Coleman v. Thompson*, 501 U.S. 722, 757 (1991) (where a brief was rejected based on state procedural rule requiring filing within thirty days of judgment, the claims in that brief were procedurally defaulted).[3]

Dolis next disputes this Court's treatment of his judicial inquiry claim—the only claim to survive procedural default—arguing that there must be Supreme Court precedent mandating affirmative judicial inquiry by the trial judge into ineffective assistance of counsel. The only case that Dolis cites for this proposition, however, is *Smith v. Phillips*, 455 U.S. 209 (1982). That case dealt with juror bias and held that "due process does not require a new trial every time a juror has been placed in a potentially compromising situation." *Id.* at 217. Here, Dolis's judicial inquiry claim did not pertain to juror bias but to ineffective assistance of counsel. Dolis's assertion that there "must" be Supreme Court precedent mandating the inquiry he seeks does not demonstrate legal error in this Court's decision. *See Oto*, 224 F.3d at 606.

Dolis also reiterates the argument pertaining to an illegal term of supervised release that the Court properly dismissed as procedurally defaulted in the December 23, 2009 Order because Dolis did not raise it in either his direct appeal PLA or his post-conviction PLA. *See O'Sullivan v.*

---

[3] As the Supreme Court of Illinois explained with respect to his first attempt to file a second *pro se* PLA, "there is no provision in the Supreme Court rules for filing a second petition for leave to appeal by the same party under the same Appellate Court disposition order…The petition for leave to appeal was denied on May 30, 2002, and the mandate will issue to the Appellate Court, First District, on June 21, 2002." (R. 1, p. 10.) The Supreme Court further explained on September 22, 2006, in response to Dolis's second attempt to file a *pro se* PLA, "your supplemental brief cannot be filed by itself." (R. 1, p. 19.)

*Boerckel*, 526 U.S. 838, 848 (1999); (*see also* R. 76 at p. 12). The Court notes for the sake of thoroughness that even if it were to consider this claim on its merits, Dolis's argument that he cannot legally be subject to a 3 year term of supervised release following his sentence is incorrect. (*See* R. 80 at p. 23) ("When Dolis serves the full term of his sentence that is *it* he is done!"). Under Illinois law, as Dolis notes, "every person sentenced to imprisonment under this amendatory Act of 1977 or given a release date under Section 3-3-2.1 of this Act shall serve the full term of a determinate sentence less time credit for good behavior and shall then be released under the *mandatory supervised release provisions* of paragraph (d) of Section 5-8-1 of this Code." 730 ILCS 5/3-3-3 (emphasis added). Paragraph (d) of Section 5-8-1 of the Code sets forth mandatory supervised release terms for various classes of felonies. Home invasion is a Class X felony in Illinois, *see* 720 ILCS 5/12-11(a)(1)-(2), and under Section 5-8-1, a "Class X felony" carries a mandatory supervised release term of "3 years," *see* 730 ILCS 5/5-8-1. Thus, even if Dolis's supervised release claim were not procedurally defaulted, his term of supervised release is not illegal under Illinois law.

Finally, Dolis's Motion to Reconsider and Addendum argue that this Court erroneously ignored state court errors in applying Illinois law and in performing a *Strickland* analysis. As to the first claim, this Court is limited to reviewing habeas petitions for errors in federal law, not state law, as established by the Supreme Court. *See* 28 U.S.C. § 2254(d). With respect to the second claim, Dolis argues that he has satisfied the prejudice prong of the *Strickland* analysis because "missing testimony" set forth in the affidavits "directly contradict the state's" evidence. (*See* R. 80 at p. 17) (citing *Montgomery v. Petersen*, 846 F.2d 407, 415 (7th Cir. 1988); *United States v. Giangrosso*, 779 F.2d 376, 381 (7th Cir. 1985); *Keys v. Duckworth*, 761 F.2d 390, 394 (7th Cir. 1985); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985); *Dees v. United States*, 789 F.2d 1521 (11th Cir. 1986);

11

*United States v. Debango*, 780 F.2d 81 (D.C. Cir. 1986)). Unlike in each of the cases cited by Dolis, however, here the Court found Dolis's ineffective assistance of counsel claims procedurally barred and so did not address the substance of the state courts' *Strickland* analysis. (*See* R. 76 at p. 10–11.) Thus, the Court did not err in failing to consider these cases.

### III. Newly Discovered Evidence

Dolis contends that police documents sent to this Court on December 28, 2009 constitute new, conclusive evidence of his innocence. These documents consist of an Original Case Incident Report and a Case Supplementary Report summarizing Stefanits's August 13, 2008 complaints of harassment by Dolis in violation of an active protection order. As an initial matter, although Dolis claims that he provided this evidence to the Court prior to its decision, it was in fact filed with the Court on December 28, 2009—five days after the Court's December 23, 2009 Order. (*See* R. 78.) Rule 59(e) does not allow a party to "introduce new evidence or advance arguments that could have and should have been presented to the district court prior to the judgment." *Resnick*, 594 F.3d at 568. Here, Dolis admits that he came into possession of these police records in November 2009 (*see* R. 80 at p. 22), yet offers no explanation as to why they were not presented to the Court immediately and prior to its judgment. (R. 80 at p. 22.)

Even if the Court were to consider these documents, however, they would not change its innocence analysis. Again, the Court can only excuse Dolis's procedural defaults if he demonstrates his "actual innocence so convincingly that no reasonable jury could convict," such as through "documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." *See Hayes*, 403 F.3d at 938. Like the police reports addressed by the Court in its December 23, 2009

Order, the new documents list Dolis's address as 3340 North Kilpatrick. Simply listing this address while Dolis is in prison does not, however, demonstrate that Dolis had a tenancy or possessory interest in or authority to enter the premises at 3340 N. Kilpatrick on February 11, 1999. *See Howard*, 870 N.E.2d at 712; *see also* 720 ILL. COMP. STAT. 5/12-11 (2001) (emphasis added).

Dolis also attaches to his Addendum as "newly discovered" evidence a Forensic Clinical Services Psychiatric Summary for Dolis and an October 2, 2000 letter to Judge Egan in the Circuit Court of Cook County informing him that in the opinion of psychiatrist Stafford C. Henry, Dolis was not at that time fit to stand trial. Again, Dolis does nothing to show that this evidence is in fact recently discovered and could not have been presented to the Court prior to its judgment. *See Resnik*, 594 F.3d at 568; (*see also* R. 80 at pp. 25-27.) Even if the Court accepted these documents as newly discovered evidence, however, they do not show (as Dolis argues) that he had a psychiatric breakdown *because* he is actually innocent of the crimes for which he was convicted. Although the Psychiatric Summary characterizes Dolis as "obsessed with his innocence" and suffering from "personality disorder," it does not suggest that Dolis is actually innocent, but rather recounts his exhibited symptoms from the perspective of a medical professional. (R. 80 at p. 25.) Similarly, the October 2, 2000 letter informing Judge Egan that Dolis was not fit to stand trial has no bearing on whether he was innocent of home invasion. (R. 80 at pp. 26-27.)

## **CONCLUSION**

For the reasons stated, Dolis fails to show a manifest error of law or fact in this Court's December 23, 2009 Order or present newly discovered evidence that changes this Court's analysis. Thus, the Court denies Dolis's Motion for Reconsideration.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 26, 2010